**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ZEBULON DAWSON,<br><br>  Defendant. | No. CR02-0093-LRR<br>No. C04-0056-LRR<br><br>ORDER |

This matter comes before the court upon remand from the Eighth Circuit Court of Appeals. On June 28, 2005, the court received the Eighth Circuit Court of Appeals' remand order. The case has been remanded "to the district court for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997), with directions that, if granted, the certificate of appealability specify the issue or issues that are to be considered on appeal."

On June 23, 2005, the defendant filed a notice of appeal and requested a certificate of appealability pursuant to Rule 22 of the Federal Rules of Appellate Procedure. He seeks to appeal the court's April 29, 2005 order denying his 28 U.S.C. § 2255 motion. On June 29, 2005, the defendant filed a motion for a certificate of appealability. In support of such motion, the defendant filed a brief. The defendant raises three grounds which he believes warrant a certificate of appealability: entrapment; breach of promise; and calculation of drug quantities.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

2

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to the breach of promise claim and calculation of drug quantities claim that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Similarly, the court does not believe that it is appropriate at this stage to allow the defendant to undermine his plea agreement by arguing that counsel should not have allowed him to enter into it because the government entrapped him. Such argument is procedurally defaulted and wholly without merit. Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the defendant's motion for a certificate of appealability is denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

The Clerk of Court is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

**IT IS SO ORDERED**.

**DATED** this 6th day of July, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA